UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

ROYCE EUGENE SNOW,
　　　　　　　*Defendant-Appellant.*

⎫
⎬
⎭

No. 01-4037

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-199)

Submitted: June 29, 2001

Decided: July 20, 2001

Before WILLIAMS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina for
Appellant. Benjamin H. White, Jr., United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Royce Eugene Snow appeals the district court's denial of his motion to suppress statements made to the police after his arrest for armed bank robbery. Snow entered a conditional guilty plea to armed bank robbery, in violation of 18 U.S.C.A. § 2113(d) (West 2000), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000), reserving the right to appeal the adverse ruling by the district court on his motion to suppress statements he made to the police. Finding no error, we affirm.

We review de novo whether a confession was voluntary, "accepting 'the district court's findings of fact on the circumstances surrounding the confession . . . unless [those findings are] clearly erroneous.'" *United States v. Braxton*, 112 F.3d 777, 781 (4th Cir. 1997) (quoting *United States v. Pelton*, 835 F.2d 1067, 1072 (4th Cir. 1987)). In making our ultimate determination of voluntariness, we look to the totality of the circumstances surrounding the confession. The critical issue is "whether [the] defendant's will has been overborne or his capacity for self-determination critically impaired." *Braxton*, 112 F.3d at 781.

Our review of the record reveals that the district court's factual findings were supported fully by testimony at the suppression hearing and were not clearly erroneous. We stated in *Braxton*, 112 F.3d at 783, that the "proper inquiry is whether the confession was 'extracted' by the threats or implied promises" of the police officers during an interrogation. Here, the officers did not use coercive tactics to "extract" Snow's confession. Rather, Snow immediately told the officers "I'm your man" and indicated a willingness to give a statement. (J.A. at 77.) Snow executed two written waivers of his *Miranda** rights, indicating that he understood the implications of the waiver and

*Miranda v. Arizona*, 384 U.S. 436, 478 (1966).

desired to make a statement. Snow then raised the issue of cooperation, inquiring about any possible benefits he would receive if he cooperated with the officers. The officers' responses to these questions did not rise to the level of coercive police tactics and, based upon the testimony of the officers and Snow, there is no evidence that Snow's will was overborne during the interrogation.

As to Snow's mental state, we stated in *Boggs v. Bair*, 892 F.2d 1193, 1198 (4th Cir. 1989), that "the mere fact that one has consumed alcoholic beverages does not mean that he is so intoxicated as to make his confession involuntary." Rather, the question is the same as the coercion inquiry — whether the confession was a product of rational intellect and free will. As the district court properly found, Snow made detailed statements to the officers concerning the bank robbery, and he had the presence of mind to request an attorney, to make a call to his mother, and execute two separate waivers of his rights. After Agent Celestini wrote out Snow's statement, Snow read it and signed the bottom of each page, indicating that he was in agreement with the statement.

Snow's own testimony at the suppression hearing further belies the notion that his confession was involuntary due to intoxication or police coercion. First, Snow testified that he understood the questions the officers asked him, that he asked the officers to repeat those questions he did not understand, and that he did all the talking, rather than the police asking specific questions about the robbery. Most importantly, while Snow testified regarding the quantity of alcohol he consumed prior to being arrested, he never stated that it so affected his mental state that he did not understand what he was doing when he waived his rights and spoke to the police. Therefore, we conclude that Snow's statement to the police was voluntary, as is required under the Fifth Amendment. Accordingly, the order of the district court denying Snow's motion to suppress is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*